IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOANN BAILEY

VS.                                                         CIVIL ACTION NO. 3:11CV160-DAS

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration

## MEMORANDUM OPINION

This matter is before the court pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying the application of Joann Bailey for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court has considered the administrative transcript, the briefs of the parties, and the applicable law and rules as follows:

## I. FACTUAL AND PROCEDURAL HISTORY

On March 22, 2006, the claimant filed her initial request for disability benefits. After she worked her way through the administrative process, the ALJ denied her application on December 2, 2008. Four years after filing her request, on March 22, 2010, the Commissioner moved to remand the case pursuant to sentence four of 42 U.S.C. § 405(g). With that motion, the Commissioner requested remand, explaining it believed the ALJ should conduct a supplemental hearing to allow the claimant to submit additional evidence and for the ALJ to evaluate her mental functioning properly. The claimant objected to the Commissioner's request, but only to request more specificity in the court's order. The court granted the request and remanded with

1

instructions that the ALJ "conduct a supplemental hearing, give the plaintiff the opportunity to submit additional evidence, if required, and reconsider her impairments and properly evaluate her mental functioning."

On October 3, 2011, the ALJ entered his second decision, finding the claimant was not disabled as defined by the Act, and on October 13, 2011 amended that order to correct a clerical error. Now, the administration has once again moved for this court to remand the matter pursuant to sentence four of 42 U.S.C. § 405(g), asking that this court order on remand that the ALJ consider a medical source statement from Dr. Michael Whelan, a psychologist who examined the claimant at least three times, including once in September 2008. Also, the administration asks that the remand order direct the ALJ to provide a reference to a diagnosis of substance abuse because the opinion explains that claimant was engaged in "extensive and continuing substance abuse" without a diagnostic finding.

The claimant objects to the administration's request, arguing essentially that enough is enough, and the court agrees. The court's initial remand order made it clear that the ALJ was to consider and properly evaluate the claimant's mental functioning. The administration concedes with the present motion that the ALJ did not do so. Indeed, both aspects to which the administration points specifically address aspects of the plaintiff's mental status.

## II. DISCUSSION

As the claimant points out, "[t]he Secretary is not entitled to adjudicate a case '*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion.'" *Sisco v. U.S. Dept. Of Health and Human Services* 10 F.3d 739, 746 (10th Cir. 1993) (citing *Sanders v. Sec. of Health and Human Services*, 649 F. Supp. 71, 73 (N.D. Ala.

2

1986)). The Commissioner asks the court to remand in part to allow the ALJ once again to consider the claimant's mental condition. Specifically, the Commissioner asks that the order direct the ALJ to discuss Dr. Whelan's September 2008 statement. However, in his decision, the ALJ did consider Dr. Whelan's September 2008 statement and cited it in his opinion. Specifically, the ALJ wrote:

> Dr. Michael Whelan indicated that the claimant experiences significant difficulties at present in maintaining attention and concentration, completing a normal work day and work week, accepting instructions and supervision, interacting appropriately with co-workers and the general public, and handling normal work stresses (Exhibit B-30F).

Exhibit B-30F is Dr. Whelan's September 2008 statement. Moreover, after referring to Dr. Whelan's report, the ALJ explained he would afford Dr. Whelan's assessment "significant weight." Nevertheless, later in is opinion, the ALJ afforded Dr. Whelan's opinions "limited weight" because "his evaluations reflect the apparent failure of the claimant to inform this psychologist of her poly-substance abuse and dependence." The ALJ continues: "Dr. Whelan opined that the record presents no indication that the claimant engages in substance abuse, but the undersigned for the reasons set forth herein concludes to the contrary." The ALJ's reasons, however, are meager at best. His reasoning is reflected in its entirety with the following explanation:

> The record evidence regarding mental issues demonstrates that the claimant has engaged in extensive and ongoing poly-substance abuse and dependence which constitutes a contributing factor material to the determination of disability. The Life Help Crisis Center records reflect significantly (Exhibit B-18F) that the claimant in about September 2007 was instructed to go to the Tri-Lakes Medical Center for de-toxification regarding Vicodin and Valium abuse but that this Medical Center refused to accept her. The claimant has confirmed significantly and repeatedly that she has never undergone this

3

>prescribed treatment. The claimant in October 2007 continued to appear dependent upon prescription pain medications (Exhibit B-18F). A February 2008 treatment note (Exhibit B-29F) reflects that the claimant reportedly engaged in selling her medications to her brother, who required admission to an emergency room due to a Xanax overdose. The claimant at the prior hearing in this matter denied selling her medications but the undersigned finds her denial incredible. The treatment note continues that Dr. Reese's office refused in February 2008 to provide further treatment or medication to the claimant (Exhibit B-29F). A subsequent treatment note appears to reflect that the claimant's attorney's office thereafter communicated with Dr. Reese's office and the February 2008 report had been resolved (Exhibit B29-F). The undersigned infers reasonably from the foregoing that the claimant experiences an extensive history of poly-substance abuse and dependence, that she has not undergone prescribed treatment for this impairment, and that he extensive history of poly-substance abuse continues in an ongoing fashion to the present time.

After examining in detail both exhibits referenced, the court is unable to discern any evidence to support the ALJ's finding, and certainly there has not been such a finding from a medical expert. Such a finding is, therefore, inappropriate. *See, e.g., Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("ALJ's must not succumb to the temptation to play doctor and make their own independent findings")). It does appear that in 2007, the plaintiff was taking pain medication, and it does appear from the note that someone recommended she attempt to discontinue that use. There is nothing to suggest, however, that she was abusing the medication. As for the 2008 report that she was providing medication to her brother, it is unclear how such an event could possibly show the claimant had a substance abuse problem.

In the end, there is no evidence that the claimant has a substance abuse problem, and it is clear the ALJ based his finding that she was not disabled almost wholly on his opinion that she did. Specifically, the ALJ found:

4

> Based on the vocational expert's testimony, the undersigned concludes that, if the claimant ceased her extensive and ongoing poly-substance abuse and dependence, she would be capable of making a successful adjustment to other work which exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of 202.18.

Because the manner in which he reached his finding was so clearly contrary to the law and because his decision depended on this finding, the court finds that substantial evidence does not support the ALJ's decision. Clearly, the Commissioner agrees with this decision because he has asked that this court remand the matter. However, because the claimant has been attempting to obtain a decision for over six years and because the court already has remanded the matter once with explicit instructions, the court finds that yet another remand for further consideration would not be just. *See Podedworny v. Harris* 745 F.2d 210, 223 (3d Cir. 1984) (explaining that "where further administrative proceedings would simply prolong the claimant's ultimate receipt of benefits," a direct award is appropriate).

As the parties are well aware, the Commissioner conducts a five-step sequential analysis in evaluating disability claims. In this analysis, the Commissioner determines:

> Whether (1) the claimant is presently working; (2) the claimant has a sever impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). The claimant has the burden to prove the first four steps, and the court finds she has done so. The Commissioner has the burden to meet the fifth step or "that there is other substantial work in the national economy that the claimant can perform." *Id.* at 448. The court finds the Commissioner has failed to meet his burden. The

ALJ found specifically:

> Based upon the vocational expert's testimony, the undersigned concludes that, considering all of the claimant's impairments at present *including her substance abuse disorder*, the claimant is unable to make a successful vocational adjustment to any work which exists in significant numbers in the national economy. A finding of "disabled" is therefore appropriate within the framework of the above-cited rule.

(Emphasis added). It is clear from Dr. Whelan's reports and the entirety of the record that the claimant suffers from mental disorder(s). The ALJ attributed the effects of this disorder to substance abuse, but there is no diagnosis or evidence to suggest such a finding.

### III. CONCLUSION

Because substantial evidence does not support the ALJ's decision the court remands this matter for an immediate award of benefits. The court remanded the matter years ago with specific instructions to the ALJ, and the ALJ failed to adhere to that order and failed to utilize the proper legal standard. There is nothing in the record to support that ALJ's "diagnosis" of a poly-substance abuse, and when that "diagnosis" is removed, it is clear the Commissioner could not put on evidence to show she could perform any work that exists in significant numbers in the national economy. A final judgment consistent with this opinion will be entered.

SO ORDERED, this the 7th day of September, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE